WILLIAMS, Judge.
Plaintiff, Abraham Rochon, Jr., filed this suit alleging that he suffered injuries on November 18, 1968 while he was an inmate at the Caddo Parish Penal Farm operated by the Caddo Parish Police Jury and named its insurer, Reliance Insurance Company, as defendant. Plaintiff alleged he was required to work on a sugar cane grinding machine and that three fingers on his left hand had to be amputated due to an accident caused by the alleged negligence of representatives of defendant’s insured.
*37 Defendant filed a motion for summary judgment rejecting the demands of plaintiff. The Police Jury intervened claiming immunity and opposing the motion for summary judgment. The trial court sustained defendant’s motion for summary judgment and dismissed plaintiff’s suit and the opposition of the intervenor. Plaintiff and intervenor have appealed from this judgment.
Defendant based its motion for summary judgment on the following reasons:
(a) Plaintiff alleged that at the time of the accident he was an inmate at the Caddo Parish Penal Farm.
(b) As shown by Endorsement No. 1 attached to and forming a part of the policy of liability insurance issued by Reliance Insurance Company to the Police Jury inmates are excluded from coverage under the policy.
The policy, No. GA-1-21-39-22, along with various sheets stapled together herein filed, is certified as an exact copy of the original. This certification was made by Pabody-Stoer Insurance Agency as authorized representatives of Reliance. One of the sheets in the certified copy is duplicated as follows: •

Plaintiff and intervenor claim that there is an “absence and insufficiency of reference providing great uncertainty as to whether the insured and the insurer” intended the attached “Endt. No. 1” (relating to asylums) to become part of the whole contract. Such reasoning has no siTbstance. The first clause on the attached sheet indicates the procedure followed when the sheet is issued concurrently with the policy. It is evident that this was done and the sheet was attached to and issued concurrently with the original policy. In Central Surety & Ins. Corp. v. Canulette Shipbuilding Company, 195 So. 114, (La.App., 1st Cir. 1940) the court stated:
“ * * * The entire contract was embraced in one document with all provisions attached and included when the contract was confected and delivered. Had other provisions been added subsequently to the contract extending or restricting its terms, undoubtedly any endorsement later attached to the policy for this purpose would have required the signature of the resident agent the same as the original policy, because this would have been a new or additional contract.” 195 So. 114, 116.
The sheet referred to as “Endt. No. 1” was embraced in the one document when the Reliance Insurance Company Policy GA-1-21-39-22 was issued. Further evidence is shown that the sheet was part of the original policy by reference to the statement on the sheet L-2987 which reads:
“Forms Nos. of Endorsements attached at issue: Gen. 47 (1 & 2).”
*38 The form Gen. 47(1) is the sheet referred to as “Endt. No. 1.” The ruling of the trial court in considering this attached sheet is correct.
The policy issued by defendant was limited by certain exclusions. Item # 4 on the front page of the policy reads as follows:
“The insurance afforded is only with respect to such of the following parts designated by an “X” in IEI and Coverages therein as are indicated by specific premium charge or charges. The limit of the company’s liability against each such Coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.”
(Emphasis supplied)
The liability coverage of the company under the policy issued would be limited by the sheet titled “Schedule Extension.” On the first page of the schedule extension sheet (designated as L-1803) there is typed in the center the following:
“CADDO PARISH POLICE JURY FARM, STATE HIGHWAY 511 * ASYLUMS”
To the right of this description of the premises covered are notations showing premium charges and the code number under which the premium is listed. The asterisk preceding the word “Asylums” refers to the second sheet of the schedule extension which reads: “ * Rates reduced 30% for exclusion of inmates.”
The trial court in reaching its conclusion to sustain the defendant’s motion for summary judgment simply read the above set forth clauses and statements and concluded that plaintiff as an inmate of the Caddo Parish Penal Farm was excluded from coverage in the insurance policy. Plaintiff asserts that the court erred in reaching this conclusion. His position is that the word “asylum” does not include jail or penitentiary. Plaintiff is in error in reading into the use of the word “asylums” in the insurance policy as a definition of a place. The use of the word “asylums” in the policy designates the classification under which the Caddo Parish Police Jury Farm would be placed in order to compute the premium due.
LSA-C.C.P. Art. 966 provides the procedure for filing a motion for summary judgment. The jurisprudence directing the procedure of the trial court in disposing of a motion for summary judgment is well established. In the case of Grace v. Morales, 210 So.2d 60 (La.App., 1st Cir. 1968) the court stated:
“ * * * It is well established jurisprudence that in disposing of a motion for summary judgment, the pleadings and annexed documents as well as the affidavits must be considered. Lake Charles Harbor & Terminal Dist. v. Farquhar, La.App., 196 So.2d 847.” 210 So.2d 60, 63.
The affidavit of H. P. Walker, Executive Officer of the Casualty and Surety Division, Louisiana Insurance Rating Commission, stated that its purpose was not to change, delete or interpret the insurance policy, but merely show the mechanics necessary to assemble a policy of this type and its rating classification for the Caddo Parish Police Jury Farm. The closest classification for the penal institution was that of “asylums” and the code number was the same as shown in the policy as Code 01585 in the Insurance Rating Manual.
The affidavit of Donald E. Hathaway, Secretary-Treasurer of the Caddo Parish Police Jury, confirms the fact that the sheet “Gen. 47” — “(Endt. No. 1)” was part of the original policy. Neither of the affidavits seek to change or modify the actual policy and both may be considered.
As stated above, our law is settled that a summary judgment will lie only when the pleadings, depositions, and ad *39 missions on file, together with affidavits, if any, show that there- is no genuine issue or dispute as to a material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Delta Equipment & Construction Company v. Royal Indemnity Company, Inc., 186 So.2d 454 (La.App., 1st Cir. 1966). Although summary judgment should be granted with caution, after careful examination of the pleadings and annexed documents, we conclude there exists here no genuine issue of material fact, and defendant, therefore, is entitled to judgment. The trial court is correct in granting summary judgment in appellee’s favor, and it is affirmed at appellant Rochon’s cost.
Affirmed.