626 So.2d 736 (1993)
Maria Guidroz, Wife of/and Donald V. GUIDROZ, Sr.
v.
Fred LEWIS, Jr., Sidney Billiot, Automotive Casualty Insurance Company, ABC Insurance Company and Allstate Insurance Company.
Nos. 93-CA-372 to 93-CA-375.
Court of Appeal of Louisiana, Fifth Circuit.
October 26, 1993.
*737 Kevin A. Rieth, Gretna, for plaintiffs/appellees, Maria Guidroz and Donald Guidroz, Sr.
Andrew D. Weinstock, Metairie, for defendant/appellant, Honey's Amusement Corp., Inc.
Rhett M. Powers, Steven A. Queyrouze, Noel C. Young, Kenner, for defendant/appellee, Automotive Cas. Ins. Co.
Earl A. Maxwell, New Orleans, for plaintiff/appellee, Rosemary Bonilla.
J. Reginald Keogh, Baton Rouge, for defendant/appellee, General Star Indem. Co.
Donald M. Donnelly, New Orleans, for defendant/appellee, Sidney T. Billiot.
Before BOWES, GAUDIN and DUFRESNE, JJ.
BOWES, Judge.
Defendant/appellant, Honey's Amusement Corporation, Inc. (hereinafter "Honey's"), appeals a judgment of the district court granting a motion for summary judgment in favor of General Star Indemnity Company (hereinafter "General Star"). We affirm.

FACTS AND PROCEDURAL HISTORY
This appeal arises out of the consolidated proceedings in the 24th Judicial District Court which were instituted as a result of a two car accident on Barataria Boulevard at its intersection with the Westbank Expressway in the City of Marrero, Parish of Jefferson, on July 24, 1990. Several personal injury actions were filed, which actions were consolidated with the first filing entitled "Maria Guidroz v. Fred Lewis, Jr., et al."
Among other allegations against other defendants, various plaintiffs have alleged that the appellant, Honey's, served alcoholic beverages to Sidney Billiot, the minor driver of the 1980 Datson vehicle involved in the collision, thereby becoming liable for the plaintiffs' respective damages. The owners/operators of two other lounges were also named defendants based upon the same theory of liability, as well as the owners/operators of Honey's.
General Star was also named a defendant as the general liability insurer of Honey's. General Star filed a motion for summary judgment in March of 1992 alleging that there is no genuine issue of material fact from which it could be found liable to any of the plaintiffs in the consolidated proceedings. Following a hearing, the court sustained the motion for summary judgment and dismissed the plaintiff's claims against General Star. From that judgment, Honey's appealed and it is presently before this Honorable Court. None of the parties plaintiff have appealed the summary judgment dismissing General Star from the litigation.

ANALYSIS
The motion and judgment were based on an exclusionary clause in the liability policy which reads as follows:
2. Exclusions.
This insurance does not apply to:
* * * * * *
c. `Bodily injury' or `property damage' for which any insured may be held liable by reason of:
(1) Causing or contributing to the intoxication of any person;
(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.
General Star argued successfully that this clause was clear and unambiguous; therefore, it did not insure Honey's for the damages sought to be recovered. Appellant cited several cases for the proposition that such exclusionary clauses are valid so as to render liability insurers not liable. See, e.g., Duplin *738 v. State Farm Mutual Automobile Insurance Company, 559 So.2d 146 (La.App. 3 Cir. 1990); Miller v. Benson, 556 So.2d 252 (La. App. 2 Cir.1990).
On appeal, Honey's argues that such exclusionary clauses have been rendered invalid following action by the Louisiana Insurance Commissioner withdrawing his permission for such exclusions. Under LSA-R.S. 22:620, no basic insurance policy may be issued in Louisiana unless filed and approved by the commissioner, who may withdraw his approval at any time for cause. There is not direct evidence in the record of any action so taken by the commission. However, Honey's did file into the record a copy of the opinion of the Attorney General dated September 25, 1990, which concludes that:
The action of the Department of Insurance in disapproving the Liquor Liability Exclusion for the basic insurance policy form was entirely responsible and lawful
...
The actual date of any commission action is not a matter of record. Neither have we been presented with any evidence of the extent of the commission action, since the opinion discusses the correctness of a "limited exclusion." The only evidence before us, then, is the opinion of the Attorney General.
Opinions of the Attorney General are advisory only and are not law. Cormier v. Lafayette Parish School Bd., 508 So.2d 207 (La.App. 3 Cir.1987); Kidd v. Board of Trustees of Teach. Retire. System of La., 294 So.2d 265 (La.App. 1 Cir.1974). There is neither a statutory nor a jurisprudential prohibition against the types of exclusionary clauses at issue, and such clauses have been upheld in numerous cases. See Morrison On Behalf Of Morrison v. Miller, 452 So.2d 390 (La.App. 3 Cir.1984); Miller v. Benson, 556 So.2d 252 (La.App. 2 Cir.1990), writ denied 559 So.2d 1379 (La.1990). Indeed, since the issuance of the opinion of the Attorney General, at least one court has found such clauses do not violate public policy. In Morris v. Nu-Way Beverage Company, 591 So.2d 1318 (La.App. 2 Cir.1991), writ denied, 592 So.2d 1342 (La.1992), the court was presented with a virtually identical exclusion in an insurance policy on a case involving a minor who allegedly purchased liquor from the insured prior to causing an automobile accident. In upholding the exclusionary clause on summary judgment, the court stated:
While 9:2800.1 does not limit the liability of alcoholic beverage retailers who sell to minors, the statute is silent with regard to public policy affecting an insurer's ability to exclude from coverage such injuries or damages as may arise from the sale of alcohol to minors. We are not persuaded by plaintiffs' public policy argument. LSA-R.S. 9:2800.1 does not address the ability of a business liability insurer and an insured alcoholic beverage retailer to contract regarding whether the insurance policy provides coverage under these circumstances.
We agree with this reasoning. In the absence of evidence of legislative intent to the contrary, we find no reason to limit the ability of contractual freedom of the parties in this regard.
The Insurance Commissioner is within his authority to withdraw approval for insurance policy forms under LSA-R.S. 22:620, and following such withdrawal, the policy may not be issued, delivered, or used. Under LSA-R.S. 22:621, the commissioner shall disapprove of any form if it is in violation of, or does not comply with, the code. Under LSA-22:653,
Any insurance policy, rider, or endorsement hereafter issued and otherwise valid, which contains any condition or provision not in compliance with the requirements of this Code, shall not be rendered invalid thereby, but shall be construed and applied in accordance with such conditions and provisions as would have applied had such policy, rider or endorsement been in full compliance with this Code.
We have searched the Insurance Code in vain for a prohibition against the types of exclusions in insurance liability policies. Because we can discover no such prohibitions, LSA-R.S. 22:653 is not applicable to the situation and the exclusion does not violate the provisions of the insurance code. Therefore, we will read the policy in its entirety, including the exclusion at issue. *739 We are cited no insurance law by appellant, nor other statutory nor jurisprudential authority, which would mandate us to apply the determination of the insurance commissioner (to withdraw approval of these claims) retroactively. Existing law and jurisprudence does require any such changes to be effective prospectively only. While the following refers to laws rather than administrative directives, we find the stated rules of construction instructive.
Substantive laws either establish new rules, rights, and duties or change existing ones. Interpretive laws, on the other hand, do not create new rules, but merely establish the meaning that the interpretative statute had from the time of its enactment.

Ardoin v. Hartford Accident & Indemnity Co., 360 So.2d 1331, 1338 (La.1978).
Substantive laws apply prospectively only in the absence of contrary legislation. LSA-C.C. art. 6.
Even interpretive legislation, however, cannot operate retroactively to disturb vested rights; `[t]he Legislature cannot retroactively affect, under the guise of interpretive legislation, substantive rights vested under earlier unambiguous legislation.'

Terrebonne v. South Lafourche Tidal Control Levee Dist., 445 So.2d 1221, 1225 (La. 1984).
As pointed out hereinabove, the right to enter into these policies with the exclusions that are at issue has been repeatedly upheld. Therefore, the action of the Insurance Commissioner appears to attempt an effective "substantive change" which can only be applied (if at all) prospectively to future insurance contracts. The change would alter significantly the respective rights of the insurer and the insured and cannot be applied retroactively.
As we have recognized, `[a] statute that changes settled law relative to substantive rights only has prospective effect.' Gilboy v. American Tobacco Co., 582 So.2d 1263 (La.1991). Thus, while there is a category of legislation labeled `interpretive,' legislation that changes settled law falls outside of that category.

St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809 (La.1992).
Because the validity of the exclusion involved herein is "settled law," any effort by the Commissioner to eliminate it may have prospective application only.

CONCLUSION
We therefore find no manifest error in the determination by the trial court that the exclusion at issue was valid. The judgment of the trial court dismissing appellee on summary judgment is affirmed. Costs of this appeal are taxed to appellant.
AFFIRMED.