714 So.2d 49 (1998)
James R. BOUDREAUX, et al.
v.
SIARC, INC. d/b/a Marie's Magic Mart Number 4, General Star Indemnity Company and The Travelers Insurance Company.
No. 97-CA-1067.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1998.
Rehearing Denied May 15, 1998.
Steven B. Witman, Law Office of Steven B. Witman, Metairie, for Defendant/Appellant Siarc, Inc. d/b/a Marie's Magic Mart Number 4.
Raymond J. Pajares, David J. Schexnaydre, Metairie, for Defendant/Appellee General Star Indemnity Company.
*50 W. Luther Wilson, Taylor, Porter, Brooks & Phillips, Baton Rouge, for Defendant/Appellee The Travelers Insurance Company.
Before BOWES, WICKER and CANNELLA, JJ.
WICKER, Judge.
This is a lawsuit by parents of a minor killed in an automobile accident. The decedent, Brett Boudreaux, was a guest passenger in a car driven by another minor, Ryan Ordeneaux. Both boys purchased alcoholic beverages from Marie's Magic Mart Number 4, a convenience store owned by Siarc, Inc. An automobile accident ensued, in which Boudreaux was killed. Boudreaux's parents filed suit against Siarc and its insurers, alleging negligence in the sale of intoxicating beverages to the minors.
The insurers, Travelers Insurance Company and General Star Indemnity Company, denied coverage on the basis of liquor liability exclusions in the policies. Siarc filed a third-party demand against the insurers and the insurers moved for summary judgment on the basis of the policy exclusions. The trial court granted summary judgment.
Siarc, Inc. has appealed the dismissal of its third-party demand. Although the issues on the main demand by plaintiff have been compromised, Siarc seeks to recover costs of its defense from its insurers.[1]
On appeal Siarc contends the trial court erred in granting summary judgment for the following reasons:
I. The District Court erred in granting the motions for summary judgment in favor of General Star Indemnity Company and The Travelers Insurance Company.
A. There are genuine issues of material fact.
B. General Star and Travelers owe a defense to Siarc under the policies and of insurance and pursuant to jurisprudence of this State and are liable for all attorney fees and defense costs incurred by Siarc; and
C. As a matter of law, the insurance policies of General Star and Travelers provide coverage to Siarc, Inc. for the plaintiffs' claims.
II. The liquor liability exclusions in the General Star and Travelers policies are ambiguous and against public policy.
III. Coverage exists under the General Star policy because the liquor liability exclusion was not properly countersigned.
IV. The General Star liquor liability exclusion is ambiguous.
State law protects merchants from liability for selling alcohol to persons over the legal age to purchase it. La. R.S. 9:2800.1 provides for limitation of liability for loss connected with sale, serving, or furnishing of alcoholic beverages to a person over the age for the lawful purchase thereof. The legislative intent is to make clear that "the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person." La. R.S. 9:2800.1(A).
That law does not protect persons selling alcohol to minors, however. See Hopkins v. Sovereign Fire & Cas. Ins. Co., 626 So.2d 880 (La.App. 3 Cir.1993), writ denied 93-2958 (La.3/11/94), 634 So.2d 402, and 94-0154 (La.3/11/94), 634 So.2d 390.

POLICY PROVISIONS
Travelers issued a comprehensive general liability policy to Siarc and General Star issued Siarc a commercial umbrella policy. The Travelers policy provides as follows under Commercial General Liability:
2. Exclusions.
This Insurance does not apply to:
* * * * * *

*51 c. "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
(1) Causing or contributing to the intoxication of any person;
(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.
Travelers Businessowners Coverage Policy, No. I-680-240J335-2-IND-92.
The General Star policy provides as follows, in a separate section called "Liquor Exclusion":
This policy does not apply to the Insured or the Insured's indemnitee who may be held liable by reason of:
4) causing or contributing to the intoxication of any person;
5) the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
6) any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
This exclusion applies only if the Insured:
1) manufactures, sells or distributes alcoholic beverages;
2) serves or furnishes alcoholic beverages for a charge whether or not such activity requires a license or is for the purpose of financial gain or livelihood; or
3) serves or furnishes alcoholic beverages without a charge, if a license is required for such activity.
General Star Indemnity Company Commercial Umbrella Policy, No. IUG-060573D.
A summary judgment which determines a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180,1183.
Issues of Material Fact Beyond Liquor Liability
Plaintiffs' original petition alleged that on or about January 8, 1993, Ryan Ordeneaux, a minor under the age of eighteen, purchased intoxicating liquor and/or alcohol from Marie's Magic Mart Number 4 in Gramercy, Louisiana; that employees of Marie's Magic Mart Number 4 "sold the intoxicating liquor to the minor child, in violation of applicable laws, without checking identification, or otherwise following the procedures reasonably expected under the circumstances"; and as a result Ryan Ordeneaux became intoxicated and wrecked his car, killing his guest passenger, Brett Boudreaux. The petition alleged further that Marie's Magic Mart Number 4 is owned by Siarc, Inc. and that Siarc is liable under respondent superior for plaintiff's damages.
In the second amended and supplemental petition plaintiffs alleged that Siarc, Inc. additionally breached a duty to the plaintiffs which was a cause in fact and legal cause of plaintiffs' injuries, for "failure to properly train its employees with regard to selling alcoholic beverages; failure to properly supervise its employees with regard to selling alcoholic beverages; failure to take necessary precautions to prevent employees from selling alcoholic beverages to minors; and other acts of negligence to be shown at trial of this matter."
Siarc contends the allegations in the second amended and supplemental petition fall outside the acts excluded by the liquor liability exclusions, particularly when the exclusions are narrowly construed. Siarc argues the policies purport to exclude liability for causing or contributing to the intoxication of the plaintiffs and furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol, but that the second supplemental and amending petition alleges independent acts of negligence on the part of Siarc with respect to the training and supervision of its employees.
*52 It is uncontested that Siarc was in the business of selling alcohol, that Ordeneaux was under the legal drinking age, and that plaintiffs alleged Ordeneaux bought alcohol from Marie's Mart. The so-called "independent acts of negligence," which Siarc contends create fact issues to prohibit summary judgment, are not facts material to the coverage question. The ultimate issue, to which these "independent acts" return, is Siarc's liability for "causing or contributing to the intoxication of any person" and/or for "the furnishing of alcoholic beverages to a person under the legal drinking age."
We distinguish Dennis v. Finish Line, Inc., 93-638, 93-239 (La.App. 1 Cir. 3/11/94), 636 So.2d 944, on which Siarc relies. In Dennis the defendant's employees went beyond the selling/furnishing of alcoholic beverages; they removed the drunken tortfeasor from the bar to his own vehicle after he passed out and, later, an employee woke him up and told him to drive home. Thus, plaintiffs' allegations in Dennis of defendant's failure to properly train its employees, failure to supervise its employees, and failure to take necessary precautions, did not unambiguously exclude coverage under the facts in the petitions. In Dennis the employees took an active role in the events which led to the tort.
Here, however, there are no allegations that any employee of Marie's Magic Mart took any action beyond selling alcohol to the minor. Any negligence in failing to check Ordeneaux's identification could not in itself constitute a tortious act, because the tort occurred in the selling of alcohol to the minor. Neither policy's exclusionary language provides any loophole for situations in which the insured or its employee failed to ascertain or was unaware whether the customer purchasing alcohol was of legal drinking age. Accordingly, those allegations do not raise independent acts of negligence.

Travelers Policy
Travelers contends there is no merit to Siarc's arguments regarding public policy or ambiguity, because the identical policy language has previously been upheld in this court. In Guidroz v. Lewis, 626 So.2d 736 (La.App. 5 Cir.1993), we held this language was valid, finding neither a statutory nor a jurisprudential prohibition against these types of exclusionary clauses and finding no violation of public policy. In the absence of evidence of legislative intent to the contrary, we found no reason to limit the ability of a business liability insurer and an insured alcoholic beverage retailer to contract regarding whether the insurance policy provides coverage under these circumstances. 626 So.2d at 738.
In Frost v. David, 95 0839 (La.App. 1 Cir. 5/10/96), 673 So.2d 340, 344, the First Circuit cited Guidroz in holding that a nearly identical liquor liability exclusion was not ambiguous. The court stated, "The terms of the exclusion are specific and clearly provide [the insurer] is not liable for damages resulting from the acts in which plaintiff alleges [defendant] was engaged, all of which pertain to the furnishing of alcohol to minors and/or causing or contributing to the intoxication of a person." Id. The court noted further, "Since it is against the public policy of the state to serve or sell alcohol to minors, it is not against public policy for an insurance company to exclude coverage for damages arising from such conduct." Id.
A number of other cases have upheld the validity of liquor liability exclusions: Cormier v. Travelers Ins. Co., 618 So.2d 1185 (La. App. 3 Cir.), writ denied, 625 So.2d 174 (La.1993); Norris v. Guthrie, 618 So.2d 893 (La.App. 5 Cir.), writ denied, 626 So.2d 1173 (La.1993); Morris v. Nu-Way Beverage Co., 591 So.2d 1318 (La.App. 2 Cir.1991), writ denied, 592 So.2d 1342 (La.1992); Miller v. Benson, 556 So.2d 252 (La.App. 2 Cir.), writ denied, 559 So.2d 1379 (La.1990).
Accordingly, we conclude the trial court did not err in finding the Travelers exclusion valid.

General Star Policy
Attempting to distinguish the General Star exclusion from the Travelers exclusion, Siarc asserts the General Star exclusion is ambiguous because it begins, "This policy does not apply to the insured or the insured's indemnitee who may be held liable by reason of...." Siarc contends that the policy's failure to define "the insured's indemnitee" is an ambiguity. That argument is without merit *53 because there is no issue in this case regarding an indemnitee. Further, Siarc contends the failure of the policy to state that it excludes coverage for bodily injury or property damage is an ambiguity.
That argument too is without merit. The clause excludes all coverage for insureds who "may be held liable by reason of" the listed acts concerning alcohol. It is not ambiguous.
Siarc further contends it has always maintained that genuine issues of material fact exist as to whether Siarc caused or contributed to the intoxication of any person and whether Siarc furnished alcohol to a person under the legal drinking age or under the influence of alcohol. Those arguments go to the ultimate factual determination of liability between plaintiffs and Siarc. If Siarc did not cause or contribute to the intoxication of any person or did not furnish alcohol to a person under the legal drinking age, then under the allegations of the complaint Siarc would not be liable to plaintiffs.
Those facts, however, do not alter the determination of coverage by the policy. No non-alcohol-related basis for liability was asserted against Siarc by the plaintiffs. Accordingly, nothing in the pleadings calls for application of any other basis for liability coverage in the policies.

Absence of Countersignature on General Star Endorsement
The liquor liability exclusion in the General Star policy is contained in a separate endorsement to the policy rather than in the body of the policy. Siarc argues that the endorsement is invalid because the endorsement contains language stating the endorsement must be countersigned in order to be valid.
Specifically, the bottom of the endorsement page (listed as Endorsement Number 006) contains the following proviso: "In Witness Whereof, the GENERAL STAR INDEMNITY COMPANY has caused this Endorsement to be issued, but the same shall not be binding upon the Company unless countersigned by an authorized representative of the Company. Countersigned at Atlanta, Georgia, this 05 day of April, 1993." Following that paragraph is a signature line designated "General Star Indemnity Company" and "Authorized Signature", but it is blank.
Siarc asserts the clause requiring countersignature must be enforced as written and that the absence of a signature makes the endorsement invalid outright or, at least, makes the policy ambiguous.
The declarations page of General Star's policy lists the endorsements included when the policy was issued, among them UM665 (Liquor Exclusion), and the declarations page is countersigned.
In Central Sur. & Ins. Corp. v. Canulette Shipbuilding Co., 195 So. 114, 116 (La.App. 1 Cir.1940), the court found no merit to the contention that the policy was invalid because the endorsements were not properly signed by the company agent:
The endorsements are securely pasted to the policy and there is no claim that they were not so attached when the policy was signed by the resident agent. When the resident agent countersigned the policy these endorsements were as much a part of it as any other printed or typewritten provisions contained therein....
As the endorsements were part of the policy contract and as such binding on the parties to it, and as the policy was properly signed by the resident agent, there was no failure to comply with Act 153 of 1918 in this respect. The entire contract was embraced in one document with all provisions attached and included when the contract was confected and delivered. Had other provisions been added subsequently to the contract extending or restricting its terms, undoubtedly any endorsement later attached to the policy for this purpose would have required the signature of the resident agent the same as the original policy, because this would have been a new or additional contract.
Id. See also, Landry v. Hamilton, 610 So.2d 214 (La.App. 3 Cir.1992), writ denied, 614 So.2d 1261 (La.1993); Rochon v. Reliance Ins. Co., 240 So.2d 36 (La.App. 2 Cir.1970).
La. R.S. 22:628 sets forth what is known as the "entire contract doctrine":

*54 No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless it is in writing and physically made a part of the policy or other written evidence of insurance, or it is incorporated in the policy or other written evidence of insurance by specific reference to another policy or written evidence of insurance.
* * * * * *
Any written agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be deemed to be physically made a part of a policy or other written evidence of insurance, within the meaning of this section, whenever such written agreement makes reference to such policy or evidence of insurance * * *.
Because the endorsement in this case was attached to and made part of the policy when issued, and the declarations page was countersigned, we find no merit to this argument.

Siarc's Knowledge of Policy Exclusions
Siarc argues that its principal, Robert Crais, was not aware that the policies excluded coverage for liquor liability. Crais testified he relied on his insurance agent to get whatever coverage he needed and he did not read the policies when he received them. Siarc's insurance agent, Greg Zeringue, testified he knew the coverage provided to Siarc did not provide coverage for liquor liability, but Zeringue did not request it because it was his impression it was impossible to remove the liquor liability exclusion and he did not know of any insurance coverage available for liability associated with selling liquor to minors.[2]
Apparently Siarc is trying to use the reasonable expectations doctrine to reform the policies to provide coverage. That doctrine is to be used to determine the "reasonable expectations of the parties" when there is an ambiguity. Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94), 630 So.2d 759, 764. "However, a unilateral misunderstanding is not sufficient to reform a policy. * * * Cases interpreting La. R.S. 22:628 have held that the representations of an agent cannot enlarge or extend coverage beyond what is provided in the policy." Bailey v. Robert V. Neuhoff Ltd. Partnership, 95 0616 (La.App. 1 Cir. 11/9/95), 665 So.2d 16, 20, writ denied, 95-2962 (La.2/9/96), 667 So.2d 534.

DUTY TO DEFEND
Siarc contends that it was entitled to a defense by both General Star and Travelers from the date of service of the original Petition to the present. Appellant asserts the insurers were required to retain separate counsel to represent Siarc's interests once they ascertained there was a coverage question, to avoid a conflict of interest. Siarc argues there is a genuine question of material fact as to whether the movers failed to avoid a conflict of interest.
The insurer's duty to defend suits brought against its insured is determined by the allegations of the plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. * * * Accordingly, the insurer's obligation to defend suits against its insured is generally broader than its obligation to provide coverage for damage claims. * * * Thus, if, assuming all of the allegations of the petition to be true, there would be both coverage under the policy and liability of the insured to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Id. An insured's duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy.
Steptore v. Masco Const. Co., Inc., 93-2064 (La.8/18/94), 643 So.2d 1213, 1218.
In Steptore, supra, the court held that when an insurer made its own determination that the petition did not unambiguously exclude coverage by undertaking the defense *55 and answering the petition, it owed the insured a defense with respect to the main demand and was liable for attorney's fees incurred by the insured in defense of the negligence action. Id.
Here, an answer was filed on behalf of Siarc only. Later, separate answers were filed by separate counsel on behalf of General Star and Travelers respectively. Both insurers raised the coverage defense in their answers. Nothing in the record indicates that the insurers ever undertook a defense of Siarc. Further, as discussed above, the allegations of the petition unambiguously exclude coverage by either policy under the liquor liability exclusions. Accordingly, there is nothing to indicate there was any duty by the insurers to defend or that they waived the coverage issue by undertaking any defense of Siarc.

DECREE
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.
NOTES
[1] After rendition of the summary judgment dismissing Travelers and General Star, the case proceeded to trial on the merits against Siarc and the other defendants (the Ordineauxes and their insurer). Although the jury returned a verdict, no judgment was rendered on the verdict because plaintiffs settled their claims with all the defendants.
[2] Siarc admitted in its pleadings that Zeringue was its insurance agent and was acting on its behalf in procuring insurance coverage. Further, counsel for Zeringue's employer, Englade Boudreaux Insurance Agency, stated in open court that Zeringue, as an employee of Englade Boudreaux, was acting as an independent agent and was not an employee of or agent for General Star.