# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 20-81

**GEORGETTE RAYMOND AND BERNARD PREJEAN INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, A. P.**

**VERSUS**

**IBERIA PARISH SCHOOL BOARD, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 126473
HONORABLE LEWIS H. PITMAN, JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN E. CONERY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John E. Conery, and D. Kent Savoie, Judges.

**AFFIRMED.**

**George B. Recile**
**Chehardy, Sherman, Williams, Murray, Recile,**
**Stakelum & Hayes, L.L.P.**
**One Galleria Boulevard**
**Suite 1100**
**Metairie, Louisiana 70001**
**(504) 833-5600**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Georgette Raymond and Bernard Prejean individually and**
**on behalf of their minor child, A. P.**

**Troy Keller**
**Attorney at Law**
**917 North Causeway Boulevard**
**Metairie, Louisiana 70001**
**(504) 835-7833**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Georgette Raymond and Bernard Prejean individually and**
**on behalf of their minor child, A. P.**

**Henry D.H. Olinde, Jr.**
**Scott E. Mercer**
**Douglas S. Smith, Jr.**
**Olinde & Mercer, LLC**
**6700 Jefferson Highway**
**Building 7, Suite B**
**Baton Rouge, Louisiana 70806**
**(225) 240-7297**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Lafayette Parish Communication District**

**Edwin G. Preis, Jr.**
**Preis, PLC**
**102 Versailles Boulevard #400**
**Lafayette, Louisiana 70509**
**(337) 237-6062**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Berkley Insurance Company**

**J. Wayne Landry**
**Attorney at Law**
**1500 Jane Street**
**New Iberia, Louisiana 70563**
**(337) 365-2341**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Iberia Parish School Board**

**CONERY, Judge.**

The trial court signed a judgment on August 16, 2019 granting the Lafayette Parish Communication District's (LPCD) motion for summary judgment. Both parties agreed that the material facts of the case were not in dispute.[1] The trial court's judgment was based solely on its interpretation of the law, more specifically La.R.S. 33:9105, which governs the emergency telephone system in Louisiana. For the following reasons we affirm.

## FACTS AND PROCEDURAL HISTORY

*Summary of Undisputed Material Facts*[2]

Georgette Raymond (Georgette) is the mother of Anaisha Prejean (Anaisha). Georgette works as a courier phlebotomist and was employed by Lafayette General Hospital at the time of the incident which is the subject of this litigation. On September 18, 2014, Anaisha was eight (8) years old and attending third grade at St. Charles Street Elementary School (St. Charles) in Jeanerette, Louisiana.

LPCD was established pursuant to La.R.S. 33:9101, *et seq.* and is a political subdivision of the State of Louisiana. *See* La.R.S. 33:9101(A)(3). LPCD is the 911 Public Safety Access Point (PSAP) for Lafayette Parish. LPCD receives 911 calls

---

[1] At oral argument, counsel for LPCD stated, "[T]his is one of those rare motions for summary judgment. What we all agree there's no genuine issue of material fact, so it's a question of law presented to the Court." Counsel for the plaintiffs stated, "Your Honor, I agree with counsel, this is one of those rare opportunities on a motion for summary judgment where there are no disputed facts. The only question here is what is the Lafayette Parish Communications District's duty."

[2] In the plaintiff's opposition to LPCD's motion for summary judgment counsel stated, "LPCD's Memorandum in Support of its Motion for Summary Judgment accurately sets forth the factual background of the instant litigation. As stated in LPCD's memorandum, the material facts are not in dispute." The undisputed material facts summarized in this opinion were taken from the above-mentioned memorandum filed on behalf of LPCD and also submitted into evidence as "Exhibits (A-O)" at the hearing on LPCD's motion for summary judgment. Documentation supporting the undisputed facts was also admitted into evidence at the hearing.

originating within Lafayette Parish and transfers/relays them to the appropriate emergency or law enforcement organization or agency. LPCD employees are not paramedics, emergency medical technicians, or emergency medical dispatchers. LPCD employees do not triage patients or take medical histories. Additionally, the employees of LPCD do not dispatch emergency personnel to incident scenes, i.e., they do not send emergency medical personnel to the location of a patient.

Acadiana Ambulance Services, Inc. (AASI) provides ambulance services throughout the State of Louisiana. AASI's headquarters is in Lafayette, Louisiana, from which AASI dispatches their ambulances statewide. As part of its dispatch process, AASI determines which of its ambulances to send to a patient location. AASI is the exclusive ambulance service provider within the Parish of Iberia and the City of Jeanerette. There is no contract between AASI and LPCD.

At approximately 10:00 a.m. on Thursday, September 18, 2014, Anaisha began suffering an asthma attack while at St. Charles. Anaisha's grandmother, Alice Raymond (Alice), and her aunt, Cherrell Raymond (Cherrell), both live at 606 1/2 Pellerin Street in Jeanerette, Louisiana. Alice (either directly or indirectly) received word from St. Charles that Anaisha was having an asthma attack at school. Cherrell subsequently picked Anaisha up from school and brought her back to her home at 606 1/2 Pellerin Street in Jeanerette, Louisiana.

When Alice was notified of Anaisha's asthma attack, Anaisha's mother, Georgette, was at work and "on the road" near Maurice, Louisiana, in Lafayette Parish. Alice telephoned Georgette and notified her of Anaisha's condition. At approximately 10:55 a.m., Georgette called 911 from her cellphone while on the road in Lafayette Parish. The call from Georgette was received by Delores Sanders

2

(Sanders), an LPCD operator.  The transcript of Georgette's initial 911 call to LPCD provides:

[LPCD]        911.  What are you reporting?

[Georgette]   My little girl's having a bad asthma attack at my momma house right now.  I'm not there, but - -

[LPCD]        What's the address?

[Georgette]   She's at 4 - - She's at 606 1/2 Pellerin Lane in Jeanerette, Louisiana.

[LPCD]        In what?  In where?

[Georgette]  Jeanerette, Louisiana.

[LPCD]        Okay.  You're reaching Lafayette 911.  Stay on the line and I'm going to connect you with Acadian Ambulance. Okay?

[Georgette]  Thank you, ma'am.

[LPCD]        You're welcome.  Okay.  One moment, ma'am.

[Georgette]  Okay.

[AASI]        This is Acadian.  What's the emergency?

[Georgette]   Hi. I need an ambulance to pick my little - - my daughter up.  She is eight years old. She[is] having a bad asthma attack.  She's in Jeanerette, but I'm located in Lafayette.

[AASI]        Okay.  Okay.  So, what's the address of your daughter? Like where is she located?

[Georgette]   606 1/2 Pellerin Street, Laf - - Not - No. Pellerin  Street in Jeanerette, Louisiana.

[AASI]        Okay. 606 - -

Upon receiving Georgette's call, Sanders immediately determined that Georgette was calling about a medical emergency and, at 10:55 a.m., transferred her call to AASI.  AASI paramedic, Chris Cannon ("Cannon"), received Georgette's call.  Sanders remained on the line with Georgette and Cannon until Georgette had clearly

3

communicated to Cannon the address where Anaisha was located. Before Sanders dropped out of the conversation, Sanders heard Georgette state at least twice that the subject street address was in Jeanerette, Louisiana. In response to Georgette's call of 10:55 a.m., AASI mistakenly dispatched ambulances to Pellerin Street in Scott, Louisiana, not Jeanerette, Louisiana.

At approximately 11:08:28 a.m., AASI received a call from the Iberia Parish Sheriff's Office advising AASI that Anaisha's emergency was at 606 1/2 Pellerin Street in Jeanerette, Louisiana. At 11:09:21 a.m., AASI assigned an ambulance, Unit 24, to go to the Jeanerette, Louisiana address.

At 11:09:51 a.m., Georgette, who was still on the road headed toward Jeanerette, but still in Lafayette Parish, made a second 911 call to LPCD. LPCD call-taker, Georgio Green (Green), answered Georgette's second call. The transcript of Georgette's second 911 call to LPCD provides:

[LPCD]       911. What are you reporting?

[Georgette]  Hey. I just called somebody to go pick my daughter up from my house in Jeanerette. She's not breathing [Inaudible]. Please hurry up. Please.

[LPCD]       Ma'am. Stay on the line. I'll connect you with Acadian Ambulance.

[Georgette]  Hurry up, please. Please.

[AASI]       Acadian Ambulance. Do you have an emergency?

[Georgette]  Hurry up. Okay. I called. My daughter, she's not breathing right now. She's in Jeanerette. I need somebody to go get her right now.

[AASI]       Okay. What address do we need to go to?

[Georgette]  606 1/2 Pellerin Street by - -

[AASI]       Okay. Ma'am - - Ma'am, hold on. You're talking too fast. I'm having trouble hearing you. What's the address?

4

[Georgette]  606 1/2 Pellerin in Jeanerette.  I called already [inaudible].
I need somebody to rush there now.

[AASI]      Ma'am, listen.  I'm - - You're talking too fast.  I'm having
trouble hearing you.

[Georgette] Okay.  My daughter stopped breathing.  She's in Jeanerette.

[AASI]      Okay.  Now, you have 606 - -

[Georgette]  And ½.

[AASI]      And what's the - -

[Georgette]  Pellerin.  P-e-1-1-e-r-i-n.

Green had listened in on Georgette's first call to LPCD, and therefore she was already aware of the situation.  She immediately transferred Georgette's second call to AASI, where Matthew Cavender (Cavender), an AASI paramedic took over the call.  Green remained on the line until she was certain that Georgette was communicating with AASI and had given the AASI representative the proper address in Jeanerette.  AASI Unit 24 arrived on scene at Anaisha's grandmother's home at 11:17:26 a.m., departed the scene at 11:26:33 a.m., and arrived at Iberia Medical Center with Anaisha at 11:38:02 a.m.

*Procedural History*

The plaintiffs, Georgette and Bernard Prejean, the child's father, filed suit individually and on behalf of their minor child against the Iberia Parish School Board (IPSB) seeking damages as the result of the purported failure of the teachers and staff at St. Charles to properly follow the Individualized Health Plan (IHP) established for Anaisha, which resulted in an apoxic ischemic brain injury and permanent disability.  In their First Amending and Supplemental Petition the plaintiffs also filed suit against IPSB's insurer, Berkley Insurance Company.

5

In their Second Supplemental and Amending Petition for Damages, the plaintiffs asserted a claim against AASI and LPCD seeking damages as a result of the alleged negligence of AASI's dispatcher. LPCD moved for summary judgment claiming there were no genuine issues of material fact and that it was entitled to a judgment as a matter of law. LPCD filed extensive undisputed material facts supported by numerous exhibits in conjunction with their motion for summary judgment and memorandum in support. The plaintiffs filed a memorandum in opposition with a single exhibit, which was an advisory opinion from the Attorney General of the State of Louisiana. The plaintiffs argue that based on the Attorney General's opinion, and its interpretation of the statutory language at issue, LPCD had a duty to transport Anaisha.

Oral argument was heard by the trial court on October 1, 2019, and the court rendered a written judgment on October 16, 2019 granting the motion for summary judgment in favor of LPCD. The plaintiffs' have filed a timely devolutive appeal from that judgment.

### ASSIGNMENT OF ERROR

Georgette and Mr. Prejean have assigned a sole error on appeal which states as follows:

> The District Court reversibly erred as a matter of law in granting summary judgment to the Lafayette Parish Communications District ("LPCD"). Specifically, the District Court erred in concluding, contrary to a pertinent Advisory Opinion from the Attorney General for the State of Louisiana, that LPCD's duty was limited to transfer, and did not encompass transport.

**LAW AND DISCUSSION**

*Standard of Review*

The Louisiana Supreme Court in *State v. Louisiana Land & Exploration Co.* 12-884, p. 7 (La. 1/30/13), 110 So.3d 1038, 1044, reiterated the language of *Smitko v. Gulf South Shrimp, Inc.*, 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755 that "'[a]ppellate review of the granting of a motion for summary is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate.'"

The supreme court further stated that, when dealing with a case where there are no material issues of material fact in dispute, the law is clear:

> When summary judgment is granted in the context of statutory interpretation, there are no material issues of fact in dispute and the sole issue before us is a question of law as to the correct interpretation of the statue at issue. *Vizzi v. Lafayette City-Parish Government,* 2011–2648, p. 2 (La.7/2/12); 93 So.3d 1260, 1262. Legislation is the solemn expression of the will of the legislature. La. C.C. art. 2; *First Nat. Bank, USA v. DDS Const., LLC,* 2011-1418, p. 12 (La.1/24/12); 91 So.3d 944, 953. The determination of the legislature's will must start with the language of the statute itself. *McGlothlin v. Christus St. Patrick Hosp.*, 2010-2775, p. 11 (La.7/1/11); 65 So.3d 1218, 1227. The words used must be interpreted as they are generally understood. La. C.C. art. 11; *McGlothlin,* 2010-2775, p. 11; 65 So.3d at 1228. When the words of a statute are clear and unambiguous, and the application of the law does not lead to absurd consequences, the statute should be applied as written and no further effort should be made to determine the legislature's intent. La. C.C. art. 9; La. R.S. 1:4; *In re: Succession of Faget*, 2010-0188, p. 8-9 (La.11/30/10); 53 So.3d 414, 420. Accordingly, we are bound to a strict interpretation of the plain language of the statutory provisions which are before us.

*Louisiana Land*, 110 So.3d at 1044-45.

*Louisiana Revised Statutes 33:9105*

The statute at issue provides for the methods that may be used by a communication district's emergency telephone system and provides as follows:

A. The emergency telephone system shall be designed to have the capability of utilizing at least one of the following four methods in response to emergency calls:

(1) "Direct dispatch method", that is a telephone service to a centralized dispatch center providing for the dispatch of an appropriate emergency service unit upon receipt of a telephone request for such services and a decision as to the proper action to be taken.

(2) "Relay method", that is a telephone service whereby pertinent information is noted by the recipient of a telephone request for emergency services, and is relayed to appropriate public safety agencies or other providers of emergency services for dispatch of an emergency service unit.

(3) "Transfer method", that is a telephone service that receives telephone requests for emergency services and directly transfers such requests to an appropriate public safety agency or other provider of emergency services.

(4) "Referral method", that is a telephone service that, upon the receipt of a telephone request for emergency services, provides the requesting party with the telephone number of the appropriate public safety agency or other provider of emergency services.

B. The governing authority of the district shall select the method that it determines to be the most feasible for the district. A district may contract with another communication district to perform all or part of its functions and duties.

La.R.S. 33:9105.

After the October 1, 2019 hearing, the trial court ruled in favor of LPCD and stated from the bench:

Thank you, gentlemen. I considered this in depth, actually around 3:30 this morning. But I'll have to agree with the motion for summary judgment filed by Lafayette Parish Communications District. I'm going to grant the motion. I don't see an obligation other than transferring the call to the private ambulance owner, in this case Acadian Ambulance, making sure they had the correct address and they completed their duties as defined by statute.

We agree with the trial court's ruling, which is supported by undisputed material facts demonstrating that the LPCD chose to use the "Transfer method," as defined in La. R.S. 33:9105(A)(3), as its method of responding to emergency calls.

8

The language of La.R.S. 33:9105(A)(3) indicates that by use of the "Transfer method," LPCD is simply required to directly transfer the request for emergency services "to an appropriate public safety agency or other provider of emergency services."

In this case, AASI was the selected provider of emergency services, and the undisputed facts confirm that in both transfers to the AASI representatives that the LPCD operators remained on the line to assure that the proper address of 606 1/2 Pellerin in Jeanerette, Louisiana was received by AASI. Accordingly, in interpreting La.R.S. 33:9105(A)(3) as the applicable statute, "we are bound to a strict interpretation of the plain language of the statutory provisions which are before us." *Louisiana Land*, 110 So.3d at 1044-45. Those provisions do not include any further duty on the part of LPCD other than the transfer of the calls to AASI, "to an appropriate public agency or other provider of emergency services" concerning the emergency situation Anaisha was experiencing. La.R.S. 33:9105(A)(3).

The plaintiffs filed La.Atty. Gen. Op. No. 93-152 (January 7, 1994) as their sole exhibit in support of their position. The plaintiffs argue that the Opinion provides that La.R.S. 33:9105(A)(3) includes a duty by LPCD to provide transportation from a public safety agency, and the "duty of transport encompasses the risk of negligent transport." Counsel for the plaintiffs freely admits that he could find no case law to support this proposition.

Importantly, "[o]pinions of the Attorney General are advisory only and are not law." *Guidroz v. Lewis*, 626 So.2d 736, 738 (La.App. 5 Cir. 1993). Although some courts may find an opinion of the Attorney General persuasive, in this case the question posed in Opinion 93-152 is completely distinguishable from the undisputed

9

facts at issue in this case, which was readily admitted by the plaintiffs in their memorandum in opposition submitted to the trial court.

In pertinent part, Opinion 93-152 addressed the question of:

> What are the obligations of the [communications] district when it has dispatched a privately owned ambulance to a medical call which then refuses to transport the patient? The district normally dispatches another private provider to handle the transport. Is the district thereby assuming any responsibility to provide transportation? If a second or all private providers refuse to transport a patient, what are the responsibilities of the '911' center?

*Id*. at 4. This case does not concern a refusal to transport, and the undisputed facts show that LPCD completed the transfer to AASI as required by the plain language of La. R.S. 33: 9105(A)(3). Given that significant factual distinction, we do not find the Attorney General's Opinion dispositive of this matter. Accordingly, the plaintiffs' assignment of error is without merit.

## DECREE

For the foregoing reasons, the summary judgment entered in favor of Defendant/Appellee, Lafayette Parish Communication District is affirmed in its entirety. All costs are assigned to the Plaintiffs/Appellants Georgette Raymond and Bernard Prejean.

**AFFIRMED.**

10