YELVERTON, Judge.
This is an appeal from a summary judgment in favor of an insurer. The trial court found that the defendant insurer had fulfilled all of its obligations pursuant to the terms of a worker’s compensation and employer’s liability insurance policy. Therefore, the court held that the insurer was no longer obligated to defend or provide coverage for the insured employer.
Plaintiffs, Cleveland John Ducote and his wife Judy, filed a Jones Act suit against Cleveland’s employer, Cliffs Drilling Company (Cliffs). Cleveland and Judy also sued one of Cliffs’ insurers, Rockwood Insurance Company. The Ducotes alleged that Cleveland was a seaman who was injured on the job and therefore entitled to Jones Act and general maritime damages.
Prior to Cleveland’s injury, Rockwood had issued a policy to Cliffs entitled “Workers Compensation and Employers Liability Insurance Policy.” Part One of the policy applied to the “Workers Compensation Law” of the State of Louisiana. Part Two insured other types of employer liability to its employees for work-related injuries.
Part Two of the policy contained a maritime coverage endorsement. This endorsement provided coverage up to a limit of $25,000 for injuries suffered by employees classified as seamen.
Rockwood put an affidavit in the record stating that it paid the Ducotes some $62,000 in policy benefits for Cleveland’s accident. Since Cleveland alleged that he was a seaman, and since the maritime endorsement had a $25,000 limit, Rockwood claimed that it had more than met its obligations to Cliffs and should be relieved of any further responsibility under the policy.
Cliffs’ argument was that Rockwood paid the Ducotes pursuant to the worker’s compensation portion of the policy (Part One) as opposed to the maritime endorsement (Part Two). Thus, it was Cliffs’ theory that Rock-wood, which by this time had gone insolvent and had been taken over by the Louisiana Insurance Guaranty Association (LIGA), still owed a duty to cover and/or defend Cliffs under the terms of the maritime endorsement.
We agree with the trial court that summary judgment in favor of the insurer was appropriate.
An insurer’s duty to defend suits brought against its insured is determined by the allegations of the plaintiffs petition, with the insurer being obligated to provide a defense unless the petition unambiguously excludes coverage. American Home Assurance Company v. Czarniecki, 255 La. 251, 280 So.2d 253 (1969). To determine whether the plaintiffs petition unambiguously excludes coverage, it is necessary to look also to the exclusionary language of the policy. Williamson v. Alewine, 417 So.2d 64, 67 (La.App. 3rd Cir.), writ denied, 420 So.2d 984 (La.1982).
In Part One of the Rockwood policy, under a heading entitled “We Will Defend,” there is an exclusionary clause which reads, “We have no duty to defend a claim ... that is not covered by this policy.” In the ease before us, the plaintiffs petition alleges that Cleveland is a seaman. A seaman has no cause of action and cannot claim benefits under the Louisiana Worker’s Compensation Act. Sanders v. Home Indem. Ins. Co., 594 So.2d 1345, 1350 (La.App. 3rd Cir.1991), writ denied, 598 So.2d 377 (La.1992). Because of his seaman’s status, Cleveland is not entitled to worker’s compensation benefits. Thus, according to the allegations contained within Cleveland’s petition and the exclusionary language of the policy, Rockwood owed no coverage to Cliffs under the terms of Part One. Thus, LIGA, standing in the shoes of Rock-wood, owes Cliffs no duty to defend pursuant to the terms of that portion of the policy.
Since Cliffs is not entitled to worker’s compensation coverage, we are left with no choice but to assume that Rockwood paid the Dueotes under the employer’s liability portion or Part Two of the policy. The maritime endorsement, provided for in Part Two of the policy, limits coverage for maritime or Jones Act injuries at $25,000 per accident. Rock-wood has paid the Ducotes some $62,000. Hence, Rockwood has more than met its coverage obligation.
*962 Also, under the heading entitled “We will Defend,” in Part Two of the policy there is exclusionary language which states, “[w]e have no duty to defend or continue defending after we have paid our applicable limit of liability....” Since Rockwood has more than paid the applicable limit of $25,000, LIGA owes Cliffs no duty to defend.
In summation, because Cleveland characterized himself as a seaman, neither he nor his wife are entitled to benefits from the worker’s compensation portion of the policy; therefore, Rockwood paid the Dueotes pursuant to the maritime endorsement of the policy and thereby relieved itself of all obligations.
For the above reasons, the trial court’s ruling is affirmed. All costs are assessed against appellant.
AFFIRMED.