ItBYRNES, Judge.
We grant writs for the purpose of reviewing the judgment of the trial court denying the motion for summary judgment of Sphere Drake Insurance Company.
This case arises out of the death of plaintiff-respondent’s son. The decedent was shot outside the Parkway Tavern bar by third parties having no connection with the Parkway Tavern, being neither employees, agents, owners, nor patrons of the bar at the time of the incident which did not occur on the premises. Plaintiff sued Barflies, Inc., the owner of the Parkway Tavern and ABC Insurance Company. Barflies, Inc. third partied its premises’ insurer, Sphere Drake Insurance Company. The trial court denied Sphere Drake’s attempt to be dismissed from this suit on motion for summary judgment. Sphere Drake applied to this court for writs.
The Sphere Drake policy provided in pertinent part:
ASSAULT AND BATTERY/NEGLIGENT HIRING EXCLUSION
Notwithstanding anything contained to the contrary, it is understood and agreed that this policy excludes claims arising out of:
|2(1) Assault and battery, whether caused by or at the instruction of, or at the direction of or negligence of the insured, his employees, patrons or any causes whatsoever, and [Emphasis added.]
(2) Allegations that the insured’s negligent acts, errors, or omissions in connection with the hiring, retention, supervision or control of employees, agents or representatives, caused, contributed to,. related to, or accounted for the assault and battery.
In its reasons for judgment the trial court noted:
[A]s written, the assault and battery exclusion applies to acts involving employees, their agents and/or patrons of the Parkway Tavern. If the exclusion was intended to include coverage for third party acts outside the care, custody, control and control and premises of Parkway Tavern, it would have been specifically listed in the exclusion. [Emphasis added.]
The trial court apparently only gave effect to the second paragraph of the “ASSAULT AND BATTERY/NEGLIGENT HIRING EXCLUSION”, the paragraph dealing "with negligent hiring, and the first part of the first paragraph. The trial court failed to give effect to the clear and unambiguous language of the first paragraph excluding assault and battery for “any causes whatsoever.”
Additionally, the trial court and the plaintiff seek to distinguish this incident from assault and battery arguing that:
In fact, the cause of action in this case does not arise out of the assault and battery itself. Instead, it arises out of acts or omissions in connection with the prevention or suppression of assault and battery.
This contention relates to plaintiffs argument that Barflies, Inc.’s culpability arises out of its failure to warn the decedent of the unsafe nature of the neighborhood surrounding the tavern and the failure of Barflies to provide proper security as though the failure to warn and the lack of security somehow caused the decedent’s death independent of the assault and battery. There is no ques *605 tion that the decedent died as a result of an assault and battery, in this case a gunshot. In order for the plaintiff to recover from Barflies, Inc. she must|3show that the acts or omissions of Barflies somehow were the cause or a contributing cause of the assault and battery. Therefore, even if the plaintiff were to prove that Barflies had a duty to warn or to provide better security, she would only succeed in showing that Barflies was a “cause” of the assault and battery, thereby falling under the Sphere Drake policy universal assault and battery “any causes whatsoever” exclusion.
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of intent. LSA-C.C. art.2046. “Any causes whatsoever” is as clear and unambiguous as it is possible to be. Its plain and literal meaning leads to no “absurd consequences.” The same cannot be said of the interpretation urged by the plaintiff and adopted in the reasoning of the trial court which leads to the illogical result of a premises policy excluding coverage for premises assault and battery, while simultaneously and incongruously providing coverage for off premises assault and battery perpetrated by third parties having no connection with Barflies and its patrons.
For the foregoing reasons the judgment of the trial court denying Sphere Drake’s motion is reversed.
WRIT GRANTED; JUDGMENT REVERSED.