| iBYRNES, Judge.
We grant writs in order to review the denial of relator, First Financial Insurance Company’s motion for summary judgment.
Plaintiff-respondent, Cherlyn Washington, a patron in Horace’s bar, was shot twice when she was caught in the cross-fire between Horace Spurlock, the owner of the bar, and unknown robbers. Plaintiff sued Spur-lock, doing business as Horace’s Bar, and First Financial Insurance company, its general liability insurer, alleging various acts of negligence. First Financial filed a motion for summary judgment alleging that the incident complained of by plaintiff is excluded under the assault or battery exclusion in its policy. That motion was denied by the trial *1379 court. The relator, First Financial filed the instant writ application, which we hereby grant, seeking review of that denial.
The exclusion applies to injury, “Arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.” Respondent argues that her injuries arise out of a robbery or attempted robbery, not out of an assault or battery. We disagree. Her injuries constitute a batter, albeit committed in the course of a robbery or attempted robbery. Or as the First Circuit said in Law v. B.Z. Enterprise One, Inc., 96-0537 p. 4 (La.App. 1 Cir. 12/20/96); 684 So.2d 1121, 1123, “by definition a ^robbery necessarily encompasses, either a battery (force) or and assault (intimidation).”
Respondent also argues that Spur-lock’s negligence occurred before the battery in allowing the robbers onto the premises late at night when he did not know them, and in refusing to acquiesce in the robbers demand for money, choosing instead to precipitate a shoot-out resulting in respondent’s injuries. We have held that assault and battery exclusions apply “even though the plaintiffs claim is based in negligence.” Maise v. Cat’s Meow, Inc., 96-1998, p. 3 (La.App. 4 Cir. 10/16/96); 683 So.2d 846, 847.
In Alexander v. Barflies, Inc., 96-2177 (La.App. 4 Cir. 1/15/97); 687 So.2d 603, this Court dealt with a similar attempt by the injured party to avoid a battery exclusion by making allegations of negligence independent from the battery itself. This Court rejected this argument:
In order for the plaintiff to recover from Barflies, Inc. she must show that the acts or omissions of Barflies somehow were the cause or a contributing cause of the assault and battery. Therefore, even if the plaintiff were to prove that Barflies had a duty to warn or to provide better security, she would only succeed in showing that Barflies was a “cause” of the assault and battery, thereby falling under the Sphere Drake policy universal assault and battery “any causes whatsoever” exclusion.
Barflies, Inc., 687 So.2d at 605.
Likewise in the instant case, respondent can only recover if she can show that the actions or omissions of Spurlock caused or were a contributing cause of the battery. Afterall, she was injured by the battery, not by the act of allowing the robbers onto the premises or by the refusal of Spurlock to comply with the demands of the robbers. Had either or both of those acts occurred, but the battery not ensued, plaintiff would have sustained no injuries. It is only to the extent that the acts or omissions of Spurlock may have caused or contributed to the battery that plaintiff could have a claim against Spurlock or his insurer. Therefore, ¿following the clear and unambiguous language of the policy, respondent’s injuries clearly arise out of the battery, not out of any acts or omissions of Spurlock, except as they may relate to the battery. Simply put the respondent was injured by a battery — no battery, no injuries. As we did in Barflies, Inc., we must give effect to the clear and unambiguous language of the policy excluding battery damages where to do so leads to no absurd consequences.
Respondent also argues that the exclusion only applies to barroom fights, and was not intended to, and as a matter of public policy, should not be permitted to exclude robbery situations. The battery in Barflies, Inc. was not sustained in a barroom fight, but in an off-premises shooting. We find no public policy barring such exclusions.
The relator is entitled to summary judgment as a matter of law.
Finally we note that Barflies, Inc. was rendered prior to the effective date of Act 483 of 1997. That act mandating a mote favorable attitude towards summary judgments has been applied retroactively and would therefore apply to this case. Young v. Dupre Transport Company, 97-0591 (La.App. 4 Cir. 10/1/97); 700 So.2d 1156. Therefore, as summary judgment would have been appropriate in this case under the old law, it would be at least as appropriate under the new law, if not more so. This means that there is no need to remand to apply the new standards of proof.
For the foregoing reasons we grant writs, reverse the judgment of the trial court and render judgment dismissing the claims of Cherylyn Washington against First Financial Insurance Company with prejudice.

*1380
WRIT GRANTED; JUDGMENT REVERSED AND RENDERED.