# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-122

**JINCY LYNN RYDER, ET AL.**

**VERSUS**

**DANE DARBY, ET AL.**

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 70216
HONORABLE WILLIAM D. HUNTER, DISTRICT JUDGE

************

**MICHAEL G. SULLIVAN
JUDGE**

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**David C. Laborde**
**Bradley G. Frizzell**
**The LaBorde Law Firm**
**Post Office Box 80098**
**Lafayette, Louisiana 70598-0098**
**(337) 261-2617**
**Counsel for Plaintiffs/Appellants:**
    **Jincy Lynn Ryder**
    **Lisa Guidry**

**Richard J. Petre, Jr.**
**Onebane Law Firm**
**Post Office Drawer 3507**
**Lafayette, Louisiana 70502-3507**
**(337) 237-2660**
**Counsel for Defendant/Appellee:**
    **Colony Insurance Company**

**Byron A. Richie**
**Richie, Richie & Oberle, L.L.P.**
**Post Office Box 44065**
**Shreveport, Louisiana 71134**
**(318) 222-8305**
**Counsel for Defendant Appellee:**
       **Dane Darby**

**Charles C. Garrison**
**Caffery, Oubre, Campbell & Garrison**
**Post Office Drawer 12410**
**New Iberia, Louisiana 70562-2410**
**(337) 364-1816**
**Counsel for Defendant/Appellee:**
       **Louisiana Farm Bureau Casualty Insurance Company**

**Joseph P. Hebert**
**Liskow & Lewis**
**822 Harding Street**
**Lafayette, Louisiana 70503**
**(337) 232-7424**
**Counsel for Defendant/Appellee:**
       **Smoker Friendly of Southern Louisiana, LLC**

**W. Glenn Soileau**
**Attorney at Law**
**Post Office Box 344**
**Breaux Bridge, Louisiana 70517**
**(337) 332-4561**
**Counsel for Plaintiffs/Appellees:**
       **Elizabeth Stelly (in consolidated case)**
       **Frederick Stelly (in consolidated case)**

**Michael G. Gee**
**Porteous, Hainkel and Johnson, L.L.P.**
**211 West Fifth Street**
**Thibodaux, Louisiana 70301**
**(985) 446-8451**
**Counsel for Defendants/Appellees:**
       **Mr. & Mrs. Charles Foster**

**Leah B. Guilbeau**
**Attorney at Law**
**4023 Ambassador Caffery, Suite 100**
**Lafayette, Louisiana 70503**
**(337) 988-7240**
**Counsel for Defendant/Appellee:**
       **State Farm Mutual Auto Insurance Company**

**James P. Doherty**
**Frederick Law Firm**
**Post Office Box 52880**
**Lafayette, Louisiana 70505**
**(337) 269-5143**
**Counsel for Defendants/Appellees:**
       **Kristen Renee Olivier**
       **Imperial Fire and Casualty Insurance Company**

**John Michael Morrow**
**Morrow, Gates & Morrow**
**Post Office Drawer 219**
**Opelousas, Louisiana  70571-0219**
**(337) 942-6529**
**Counsel for Defendant/Appellee:**
        **Louisiana State Farm**

**Jill McGee**
**In Proper Person**
**1014 Courville Road**
**Breaux Bridge, Louisiana  70517**
**Plaintiff/Appellee**

**SULLIVAN, Judge.**

Plaintiffs, Jincy Ryder and her mother, Lisa Guidry, appeal the trial court's grant of summary judgment in favor of defendant, Colony Insurance Company (Colony), and the resulting dismissal of their claims against it. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Ryder was injured on August 20, 2005, when the driver of a vehicle in which she and several of her friends was riding ran a stop sign, entered a ditch, and struck an embankment off of Louisiana Highway 347 in St. Martin Parish. The driver of the vehicle, Dane Darby, was twenty years old on the date of the accident. As a result of the accident, Ryder sustained severe facial and head injuries and had to undergo multiple reconstructive surgeries.

A petition for damages was filed by Ryder and Guidry on January 27, 2006.[1] Therein, plaintiffs alleged that Darby was intoxicated at the time of the accident. They claimed that early in the evening of the accident, Darby had purchased vodka and other alcoholic beverages through a drive-through window at D & M Leger Holding, Inc. d/b/a Smoker Friendly of Henderson (Smoker Friendly), which he consumed and distributed to the passengers in the vehicle. Thereafter, Darby drove to the home of Mr. and Mrs. Charles Foster, where a party was being hosted by the Fosters' minor son. According to the petition, Darby and his passengers were served alcohol at the party. The accident occurred after Darby and his passengers left the party. Included in the named defendants were Smoker Friendly and its alleged

---

[1]Although Ms. Ryder was only sixteen years old at the time of the accident, the petition alleged that she was fully emancipated.

1

liability insurer, Colony.[2] Plaintiffs asserted that a legal cause of the accident was Smoker Friendly's negligence in having served alcoholic beverages to Darby when it knew or should have known that he was a minor.

Colony filed a motion for summary judgment seeking dismissal from the suit based on the "liquor liability exclusion" contained in the policy that it had issued to Smoker Friendly. Plaintiffs opposed the motion, arguing that an amending endorsement attached to the policy expanded the coverage afforded under the policy. Colony then filed a reply memorandum wherein it argued that the amending endorsement simply imposed another condition that needed to be met for coverage to attach, and that even if all four of the conditions were met, the policy did not provide coverage if any of the exclusions applied. Following a hearing, the trial court granted Colony's motion for summary judgment and dismissed plaintiffs' claims against it with prejudice at plaintiffs' cost. Plaintiffs now appeal, asserting that the trial court erred in granting summary judgment in favor of Colony because there is coverage under the Colony insurance policy.

**DISCUSSION**

Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Summary judgment is

---

[2]Although the petition named ABC Insurance Company as the insurer of Smoker Friendly, plaintiffs later amended to substitute Colony as the correct insurer of that entity.

2

favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action . . . ." La.Code Civ.P. art. 966(A)(2).

The supreme court set out the framework for interpreting insurance coverage questions in *Succession of Fannaly v. Lafayette Insurance Co.*, 01-1144, 01-1343, 01-1355, 01-1360, pp. 3-4 (La. 1/15/02), 805 So.2d 1134, 1137 (emphasis added) (citations omitted):

> An insurance policy is an aleatory, nominate contract subject to the general rules of contract interpretation as set forth in our civil code. The extent of coverage under an insurance contract is dependent on the common intent of the insured and insurer. Thus, when interpreting an insurance contract, courts must attempt to discern the common intent of the insured and insurer.
>
> In ascertaining the common intent of the insured and insurer, courts begin their analysis with a review of the words in the insurance contract. Words in an insurance contract must be ascribed their generally prevailing meaning, unless the words have acquired a technical meaning, in which case the words must be ascribed their technical meaning. Moreover, an insurance contract is construed as a whole and each provision in the contract must be interpreted in light of the other provisions. *One provision of the contract should not be construed separately at the expense of disregarding other provisions.*

In *Jessop v. City of Alexandria*, 03-1500, p. 2 (La.App. 3 Cir 3/31/04), 871 So.2d 1140, 1142-43, *writ denied*, 04-1529 (La. 10/1/04), 883 So.2d 991 (quoting *Miller v. Superior Shipyard and Fabrication, Inc.*, 01-2907, p. 4 (La.App. 1 Cir. 8/20/03), 859 So.2d 159, 162, *writ denied*, 03-2643 (La. 12/12/03), 860 So.2d 1159 (citations omitted)), this court noted that:

> Interpretation of an insurance policy is usually a legal question that can be properly resolved by means of a motion for summary judgment. When determining whether a policy affords coverage for an incident, the insured bears the burden of proving the incident falls within the policy's terms. Summary judgment declaring a lack of coverage under an insurance policy may be rendered only if there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded.

3

In *Boudreaux v. Siarc, Inc.*, 97-1067, p. 2 (La.App. 5 Cir. 4/15/98), 714 So.2d

49, 50, *writ denied*, 98-1556 (La. 9/18/98), 724 So.2d 744, the court noted:

> State law protects merchants from liability for selling alcohol to persons over the legal age to purchase it. La. R.S. 9:2800.1 provides for limitation of liability for loss connected with sale, serving, or furnishing of alcoholic beverages to a person over the age for the lawful purchase thereof. The legislative intent is to make clear that "the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person." La. R.S. 9:2800.1(A).

> That law does not protect persons selling alcohol to minors, however. *See Hopkins v. Sovereign Fire & Cas. Ins. Co.*, 626 So.2d 880 (La.App. 3 Cir.1993), *writ denied* 93-2958 (La.3/11/94), 634 So.2d 402, and 94-0154 (La.3/11/94), 634 So.2d 390.

### *The Colony Policy*

The policy issued by Colony to Smoker Friendly was a commercial general

liability and commercial property policy. The Colony policy provided as follows:

**SECTION 1 - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

        . . . .

    b. This insurance applies to "bodily injury" and "property damage" only if:

4

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

An amending endorsement attached to the policy states, in pertinent part:

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**
BUSINESS DESCRIPTION:  TOBACCO PRODUCTS STORES

A **SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, b.** is amended and the following is added:

**(4)** The "bodily injury" or "property damage" is caused by or results from the business described in the Schedule.

The "Insuring Agreement" is followed by an "Exclusions" section which provides that:

This insurance does not apply to:

. . . .

5

### c. Liquor Liability

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

*Did the Colony policy provide coverage for plaintiffs' damages?*

In their appellant brief, the plaintiffs admit that "[g]iven that [liquor liability] exclusion in isolation, the District Court would have been correct in granting summary judgment." Plaintiffs further acknowledge that "Louisiana courts have held that such a broad exclusion precluded coverage for any liability for causing or contributing to the intoxication of any person or for furnishing alcoholic beverages to persons under the legal drinking age." Nevertheless, plaintiffs submit that the amending endorsement attached to the policy extends coverage to activities associated with the insured's business description, that of a tobacco products store. Plaintiffs argue that "[w]ere the endorsement not intended to extend coverage as such, its inclusion in the policy would be useless and redundant." Attached to plaintiffs' opposition to summary judgment is an affidavit from plaintiff, Lisa Guidry, a resident of Henderson who is familiar with the Smoker Friendly store where Darby was allegedly able to purchase alcohol in this case. Therein, Guidry stated that since the time it began doing business at that location Smoker Friendly has sold alcohol

6

products. Because the sale of alcohol fell within Smoker Friendly's business description, plaintiffs argue that the Colony policy should provide coverage for their injuries because those injuries arose out of Smoker Friendly's sale of alcohol.

For purposes of its summary judgment motion, Smoker Friendly did not deny that it was in the business of selling alcohol, nor did it deny that one of its employees sold alcohol to Darby on the date in question. Rather, it argues that coverage is not afforded under the policy because of the liquor liability exclusion. Smoker Friendly contends that "plaintiffs' interpretation of the policy would result in coverage for all damages resulting from the described business of [a] tobacco products store, would write out of the policy every exclusion, and would lead to absurd results." Smoker Friendly argues that such an interpretation ignores the architecture of the policy, the intent of the parties, and the general rules for interpreting insurance policies. It further submits that the purpose of the endorsement was to limit coverage, not to enlarge coverage to include any damages resulting from the business of operating a tobacco products store.

The trial court ruled that the Colony policy did not provide coverage for plaintiffs' damages. We have performed a de novo review of the evidence submitted in conjunction with the insurance coverage question at issue herein and, we, too, find that summary judgment was properly granted in favor of Colony because it succeeded in pointing out that Plaintiffs would not be able to meet their burden of proof at trial with regard to coverage under the Colony policy for any liability on the part of Smoker Friendly. Under Plaintiffs' theory, the exclusions listed in the Colony policy after the coverage section would be completely ignored. Plaintiffs' interpretation of

the policy is simply unreasonable and would lead to absurd results that were not contemplated by Smoker Friendly and Colony when the policy was confected.

## DECREE

For the foregoing reasons, we affirm the October 3, 2007 judgment of the trial court granting summary judgment in favor of Colony Insurance Company and dismissing the claims against it by plaintiffs, Jincy Ryder and Lisa Guidry, with prejudice. All costs of this appeal are assessed against plaintiffs.

**AFFIRMED.**