# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-254


SUSANA CAROLA PILIGRA

VERSUS

AMERICA'S BEST VALUE INN, ET AL.


**********


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-4929
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE


**********


## ULYSSES GENE THIBODEAUX
### CHIEF JUDGE


**********


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and James T. Genovese, Judges.


AFFIRMED.


**Michael Wayne Adley**
**Judice & Adley**
**P. O. Drawer 51769**
**Lafayette, LA 70505-1769**
**Telephone: (337) 235-2405**
**COUNSEL FOR:**
　　　　**Defendant/Appellant - Vantage Hospitality Group, Inc. d/b/a America's Best Value Inn**

**Skipper Maurice Drost**
**550 North Huntington Street**
**Sulphur, LA 70663**
**Telephone: (337) 528-9438**
**COUNSEL FOR:**
　　　　**Defendant/Appellee - Dhan Laxmi, LLC**

**Yul Dubart Lorio**
**Blaine Andrew Doucet**
**Doucet Lorio, LLC**
**One Lakeshore Drive - Suite 1600**
**Lake Charles, LA 70629**
**Telephone:  (337) 433-0100**
**COUNSEL FOR:**
 **Plaintiff/Appellant - Susana Carola Piligra**

**Gerald Anthony Melchiode**
**Galloway, Johnson, Tompkins, Burr & Smith**
**One Shell Square - 40th Floor**
**701 Poydras Street**
**New Orleans, LA 70139**
**Telephone:  (504) 525-6802**
**COUNSEL FOR:**
 **Defendant/Appellee - Evanston Insurance Company**

**THIBODEAUX, Chief Judge.**

Susana Piligra was allegedly raped at the America's Best Value Inn, a hotel operated by Dhan Laxmi, LLC. She brought suit against Dhan Laxmi, Vantage Hospitality Group, Inc. d/b/a America's Best Value Inn ("Vantage"),[1] and the insurance company that issued Dhan Laxmi's liability policy, Evanston Insurance Company ("Evanston"). Ms. Piligra claims that Dhan Laxmi and Vantage are liable to her as they were negligent in (1) transporting her to a hotel room without her consent, and (2) assuming a duty of care and failing to fulfill that duty of care in a responsible manner. Ms. Piligra asserts Evanston is liable to her because it issued Dhan Laxmi's insurance liability policy.

Evanston moved for summary judgment, citing several exclusions and endorsements contained in the policy issued to Dhan Laxmi ("Evanston policy") that precluded coverage of Ms. Piligra's claims. The trial court granted Evanston's motion, and Ms. Piligra and Vantage appealed. For the following reasons, we affirm the judgment of the trial court.

I.

**ISSUES**

We must decide whether the trial court erred:

(1) in ruling that the endorsements contained in the Evanston policy preclude coverage for Ms. Piligra's injuries; and,

(2) in holding that Evanston had no duty to defend Vantage.

---

[1] Ms. Piligra erroneously filed suit against America's Best Value Inn. The proper party was later identified as Vantage Hospitality Group, Inc. d/b/a America's Best Value Inn.

## II.

## FACTS AND PROCEDURAL HISTORY

Ms. Piligra was a patron at the nightclub located inside the hotel operated by Dhan Laxmi. While there, she consumed an excessive amount of alcohol and eventually lost consciousness in the club. Ms. Piligra alleges that after she lost consciousness, an employee of the nightclub escorted her to a room on the second floor of the hotel. On the way to the hotel room, the hotel employee encountered an unknown male who offered to help. The hotel employee then left Ms. Piligra in the hotel room with the unknown male. Ms. Piligra's friend later went to check on her and found the hotel room locked and the curtains closed. The friend opened the door but found that the security chain was latched. She then moved the curtain and saw the unknown male climbing off Ms. Piligra with his pants down. Ms. Piligra was transported to a local hospital, and it was determined that she was allegedly raped by the unknown male while she was unconscious.

Ms. Piligra filed suit. She alleges that Vantage and Dhan Laxmi negligently: (1) transported her to a room without her consent; (2) failed to attend to her in a responsible manner as required by the innkeeper laws or as one who has assumed a duty of care; and, (3) left her alone with an unknown male, thereby subjecting her to rape and other injuries. Moreover, Ms. Piligra asserts that Evanston is liable to her as it issued a policy of insurance to Dhan Laxmi that was in effect at the time of the alleged incident.

The trial court granted Evanston's motion for summary judgment, finding that no coverage exists under the Evanston policy because Ms. Piligra's damages are excluded by disclaimers in the policy. The trial court also held that

2

Evanston has no duty to defend Dhan Laxmi or Vantage. Ms. Piligra and Vantage appeal the trial court's judgment.

## III.

## <u>LAW AND DISCUSSION</u>

### Standard of Review

"When an appellate court reviews a district court judgment on a motion for summary judgment, it applies the *de novo* standard of review, 'using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.'" *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670, p. 6 (La. 2/26/08), 977 So.2d 839, 844 (*quoting Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

### Interpretation of Insurance Policies

An insurance policy is interpreted like any other contract, i.e., by using ordinary contract principles. *Ledbetter v. Concord Gen. Corp.*, 95-809 (La. 1/6/96), 665 So.2d 1166. The extent of the coverage is determined by the parties' intent. *Id.* The agreement of the parties must be enforced as written as long as the policy wording is clear and unambiguous. *Id.* Moreover, "[e]xclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured." *Id.* at 1169. Insurance companies are permitted

3

to limit coverage through policy exclusions as "long as the limitations do not conflict with statutory provisions or public policy." *Id.* With these principles in mind, we now examine the Evanston policy.

**Coverage of Ms. Piligra's Claims Under the Evanston Policy**

Ms. Piligra argues that the trial court erred in finding that no coverage exists under the Evanston policy. To support her argument, Ms. Piligra relies upon a body of case law and the Restatement (Second) of Torts that concern the *liability* of a defendant. Here, however, the question before us is one of *coverage*, not of liability. Thus, we agree with the trial court and find that the Evanston policy exclusions and endorsements preclude coverage of Ms. Piligra's alleged injuries. We examine each exclusion and endorsement in turn, and we also examine Ms. Piligra's claims of negligence as they relate to coverage under the policy.

### *(1) The Assault and Battery Exclusion*

The policy issued by Evanston to Dhan Laxmi contains an Assault and Battery Exclusion which provides:

> The coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person. Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property. The sentence "This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property" is deleted from the Commercial General Liability Coverage Form, Section I, Item 2., Exclusions, a.

4

Both the Habitational Endorsement and the Restaurant, Bar, Tavern, Night Clubs, Fraternal and Social Clubs Endorsement also contain Assault and Battery Exclusions. The Habitational Endorsement states:

> The coverage under this policy does not apply to "bodily injury," "property damage," "personal injury," "advertising injury," or any injury, loss or damage arising:
>
> . . . .
>
> 3. Out of allegations of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person. Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property. The sentence "This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property" is deleted from the Commercial General Liability Coverage Form, section I, Item 2., Exclusions, a.

The Restaurant, Bar, Tavern, Night Clubs, Fraternal and Social Clubs Endorsement further precludes coverage for injuries arising out of an assault and battery. The pertinent language is as follows:

> The coverage under this policy does not apply to "bodily injury," "property damage," "personal injury," "advertising injury," or any injury, loss or damage arising out of:
>
> . . . .
>
> 4. Assault and/or Battery, or out of any act or omission in connection with the prevention or suppression of such acts,

5

whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property. The sentence "This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property" is deleted from the Commercial General Liability Coverage Form, Section 1, Item 2., Exclusions a.

The policy language and endorsements clearly preclude coverage for claims arising out of an assault and/or battery. Here, Ms. Piligra seeks damages for injuries resulting from a rape. Louisiana courts have upheld endorsements similar to the Evanston policy endorsements that preclude coverage for assault and battery, including rape. *See Ledbetter,* 665 So.2d at 1166. In *Ledbetter*, a motel guest brought suit against the motel owners and their commercial general liability insurer after another patron raped her. The insurance policy contained an assault and battery exclusion similar to the one in the Evanston policy. The court found that a rape necessitates the use of force or violence. Thus, the assault and battery exclusion precluded recovery by the plaintiff.

Ms. Piligra alleges that she was raped. Because rape is a battery and because the assault and battery exclusion in the Evanston policy is unambiguous, we find that the exclusion is applicable and precludes coverage for Ms. Piligra's injuries.

### *(2) The Sexual Abuse and/or Molestation Exclusion*

The Evanston policy also contains a sexual abuse and/or molestation exclusion which further precludes coverage. The exclusion states:

> The coverage under this policy does not apply to "bodily injury," "property damage," "personal injury," "advertising injury," or any injury, loss or damage arising out of:
>
> 1. The actual or threatened abuse or molestation or licentious, immoral or sexual behavior whether or not intended to lead to, or culminating in any sexual act, of any person, whether caused by, or at the instigation of, or at the direction of, or commission by, any insured, his employees, or any other person, or
>
> . . . .
>
> 3. Charges or allegations of negligent hiring, employment, investigation, supervision, reporting to the proper authorities, or failure to so report; or retention of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph 1. above.
>
> Abuse includes, but is not limited to, negligent or intentional infliction of physical, emotional or psychological injury/harm.

In *P.D. v. S.W.L.*, 07-2534 (La.App. 1 Cir. 7/21/08), 993 So.2d 240, *writ denied*, 08-2770 (La. 2/13/09), 999 So.2d 1146, the first circuit held that a similar exclusion was clear and unambiguous and operated to preclude coverage for damages arising out of a rape. The court analyzed the term "sexual molestation" to determine whether it included rape and found that the general definitions of "molest" implied some degree of unwanted touching. *Id.* at 244 (citing *Newby v. Jefferson Parish Sch. Bd.*, 99-98 (La.App. 5 Cir. 6/1/99), 738 So.2d 93). Because the plaintiffs' action involved allegations of nonconsensual sexual intercourse, the court found that the

sexual molestation exclusion applied. *Id.* Moreover, the court denied all of plaintiffs' claims, regardless of the nature of the cause of action, since all of the alleged damages arose out of the alleged sexual molestation. *Id*.

Here, Ms. Piligra alleges that she was raped. Like the plaintiffs in *P.D.*, all of Ms. Piligra's alleged injuries arise out of the rape. Rape clearly qualifies under the sexual molestation exclusion contained in the Evanston policy. Thus, Ms. Piligra's claims are precluded under the policy.

### (3) *Restaurant, Bar, Tavern, Night Clubs, Fraternal and Social Clubs Endorsement*

Finally, coverage is further precluded by the liquor liability endorsement contained in the Restaurant, Bar, Tavern, Night Clubs, Fraternal and Social Clubs Endorsement which provides:

5. Liquor Liability. Liquor Liability 2.c. Exclusion, Commercial General Liability Coverage Form, Section I – Coverage, is replaced by the following and applies throughout this policy:

The coverage under this policy does not apply to "bodily injury," "property damage," "personal injury," "advertising injury," or any injury loss or damage arising out of:

a). Causing or contributing to the intoxication of any person; and/or

b). Furnishing of alcoholic beverages to anyone . . . under the influence of alcohol; and/or

c). Any statute, ordinance or regulation relating to sales, gift, distribution or use of alcoholic beverages; and/or

d). Any act or omission by any insured, any employee of any insured, patrons, members, associates, volunteers or any other persons [sic] respects providing or failing to provide transportation, detaining or failing to detain any

8

person, or any act of assuming or not assuming responsibility for the well being, supervision or care of any person allegedly under or suspected to be under the influence of alcohol;

Louisiana courts, including this court, have consistently held that similarly-worded exclusions are unambiguous and preclude coverage for injuries arising out of intoxication. *See Ryder v. Darby*, 09-122 (La.App. 3 Cir. 6/3/09), 11 So.3d 745; *Boudreaux v. Siarc, Inc.*, 97-1067 (La.App. 5 Cir. 4/15/98), 714 So.2d 49, *writ denied*, 98-1556 (La. 9/18/98), 724 So.2d 744. Moreover, exclusions limiting coverage in cases of intoxication do not violate public policy. *Boudreaux*, 714 So.2d 49; *Frost v. David*, 95-839 (La.App. 1 Cir. 5/10/96), 673 So.2d 340.

Ms. Piligra's claim that Vantage and/or Dhan Laxmi assumed responsibility for her care after she became intoxicated fits squarely within the limitations of the liquor liability exclusion. Thus, this section of the Evanston policy further precludes Ms. Piligra's claims.

### (4) Independent Claims of Negligence

Ms. Piligra asserts that the trial court erred in granting summary judgment to Evanston due to her independent allegations of negligence against Dhan Laxmi and Vantage. In making this argument, Ms. Piligra carelessly dismisses this court's decision in *Proshee v. Shree, Inc.*, 04-1145 (La.App. 3 Cir. 2/2/05), 893 So.2d 939, because it is "not a Section 234 [sic] case." As we previously indicated, Restatement (Second) of Torts, § 324 is not instructive here. *Proshee*, however, offers guidance.

In *Proshee,* a motel patron was the victim of an assault and battery outside his motel room. The patron sued the motel alleging that it negligently failed to provide adequate security. The motel's insurer sought summary judgment citing

9

an assault and battery exclusion. The trial court granted the insurer's motion, and we affirmed.

After finding that the assault and battery exclusion in the *Proshee* policy was unambiguous and applicable to the facts of the underlying case, we next reviewed whether the plaintiff's allegations of independent acts of negligence affected the applicability of the exclusion. We found that the independent allegations of negligence did nothing to negate the applicability of the assault and battery exclusion. Specifically, we looked to the fourth circuit's decisions in *Maise v. Cat's Meow, Inc.*, 96-1998 (La.App. 4 Cir. 10/16/96), 683 So.2d 846, and *Washington v. Spurlock*, 97-2411 (La.App. 4 Cir. 12/17/97), 703 So.2d 1378, *writ denied*, 98-173 (La. 3/20/98), 715 So.2d 1214, for guidance.

In *Maise*, the fourth circuit held that irrespective of the fault alleged by plaintiff (whether negligence, intentional act or otherwise), because the injuries arose out of a battery, the policy provided no coverage due to its assault and battery exclusion. Similarly, in *Washington*, the plaintiff argued that her injuries arose out of a robbery rather than an assault or battery. The court granted summary judgment in favor of the insurer, finding that the plaintiff's injuries resulted from a battery, even though the battery was committed during the course of a robbery. The fourth circuit explained, "[s]imply put, the respondent was injured by a battery—no battery, no injuries." *Washington*, 703 So.2d at 1379.

Here, Ms. Piligra claims independent acts of negligence by the hotel. The fact is, however, she was raped. Rape is inclusive of battery, and the battery caused her injuries. Irrespective of her claims of negligence, the end result is the same. Because her injuries arose out of a battery, the assault and battery exclusion in the Evanston Policy precludes coverage.

10

**Vantage Hospitality's Appeal**

Vantage also appeals the trial court's judgment and alleges that genuine issues of material fact exist that preclude the trial court's granting of summary judgment. Moreover, Vantage claims that the ruling on summary judgment has no impact on Vantage and is merely an "advisory opinion because no claims have been made in the pending litigation regarding coverage by Evanston for Vantage." We disagree with Vantage on both points.

### (1) The Propriety of Evanston's Motion for Summary Judgment

Vantage asserts that Evanston's motion for summary judgment is procedurally improper. Vantage is mistaken. Louisiana Code of Civil Procedure Article 966(a) states: "[t]he plaintiff or defendant in the principal or any incidental action . . . may move for a summary judgment . . . for all or part of the relief for which he has prayed." In its Answer to Ms. Piligra's petition, Evanston stated that it owed no coverage and had no duty to defend the claims at the basis of this litigation. Though those claims were made by Ms. Piligra, they extend to the entity that holds the insurance policy—in this case, Dhan Laxmi.[2] Thus, in its ruling, the trial court unequivocally stated that Evanston had no duty to defend either Dhan Laxmi or Vantage. We agree.

### (2) Validity of the Exclusions Under the Evanston Policy

Vantage asserts that genuine issues of material fact exist regarding whether the policy exclusions and endorsements relied on for the exclusion of Ms.

---

[2]It is unclear whether Vantage is actually an insured under the Evanston policy. Evanston argues that Vantage is not an insured because "Vantage Hospitality Group, Inc. d/b/a America's Best Value Inn" is not specifically named as an Insured ("America's Best Value Inn" is named, however). For the purposes of this opinion, we will assume that Vantage is an insured under the policy. This assumption is of no consequence, however, since we find that Evanston has no duty to defend either Dhan Laxmi or Vantage.

Piligra's claims were authorized, in effect, or applicable at the date of the incident. Specifically, Vantage asserts that the exclusions and endorsements are not validly part of the Evanston policy because the spaces for the insured's name, policy number, and effective date are not signed, and the endorsements are not signed. Vantage cites to no authority in support of its argument. We find that Vantage's argument is misplaced.

The fifth circuit addressed a similar issue in *Boudreaux*. In *Boudreaux*, 714 So.2d 49, the insured argued that the endorsement containing a liquor liability exclusion was invalid because it was not signed by an authorized agent. The court disagreed. The declarations page of the policy was countersigned and contained a list of endorsements, including the liquor liability exclusion. Moreover, the endorsement was attached to and made part of the policy when issued; thus, a countersignature was not needed.

The same is true for the endorsements relied on by Evanston. The endorsements clearly indicate that the completion of the boxes at the top of the form is optional where the endorsement is shown on the policy declarations page. Each endorsement relied upon by Evanston for excluding coverage of Ms. Piligra's claims contains this notation. The declarations page in the Evanston policy refers to the Schedule of Forms and Endorsements, which lists all of the forms and endorsements that make up the policy. The Schedule includes all of the endorsements Evanston relies on to deny coverage for Ms. Piligra's claims. The Schedule notes the policy number, the name of the insured, and the effective date of the endorsements. Thus, we find that the endorsements were properly part of the policy issued to Dhan Laxmi and were effective on the date of the incident that led to Ms. Piligra's injuries.

Vantage also argues that neither Vantage nor Dhan Laxmi accepted the issuance of the endorsements and that no evidence exists that any insured was "aware" of the issuance of the endorsements. Vantage claims that this supposed lack of awareness presents a genuine issue of material fact as to whether the endorsements were ever issued. We disagree.

An insured is responsible for reading its policy and is presumed to know its contents. *See Stephens v. Audobon Ins. Co.,* 27,658 (La.App. 2 Cir. 12/6/95), 665 So.2d 683, *writ denied*, 96-66 (La. 2/28/96), 668 So.2d 363. Thus, we assume that Dhan Laxmi read the Evanston policy and is familiar with its terms. Any feigned ignorance of the policy's endorsements and exclusions does not affect their validity.

As such, we find that no genuine issue of material fact exists as to whether the policy exclusions and endorsements relied on for the exclusion of Ms. Piligra's claims were authorized, in effect, or applicable at the date of the incident. The trial court properly granted summary judgment in favor of Evanston and properly held that no coverage exists for Ms. Piligra's injuries under the Evanston policy. Moreover, Evanston has no duty to defend either Dhan Laxmi or Vantage.

IV.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed against Ms. Piligra and Vantage.

**AFFIRMED**.

13