# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-510

SHANE REAUX

VERSUS

MR. AND MRS. CASEY JOSEPH MORESI

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 119,516, DIV. E
HONORABLE KEITH J. COMEAUX, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

Saunders, J., concurs with additional written reasons.

**WRIT GRANTED AND MADE PEREMPTORY.**

J. Christian Lewis
Glenn J. Armentor
The Glen Armentor Law Corporation
300 Stewart Street
Lafayette, LA 70501
Telephone:  (337) 233-1471
COUNSEL FOR:
	Plaintiff/Respondent – Shane Reaux

Dennis R. Stevens
Gibbens and Stevens
222 West St. Peter Street
New Iberia, LA 70560
Telephone:  (337) 367-8451
COUNSEL FOR:
	Defendants/Respondents – Mr. and Mrs. Casey Joseph Moresi

**Matthew D. Monson**
**Donald J. Latuso, Jr.**
**Laura H. Abel**
**The Monson Law Firm, LLC**
**900 W. Causeway Approach – Suite A**
**Mandeville, LA 70471**
**Telephone:  (985) 778-0678**
**COUNSEL FOR:**
      **Defendant/Relator – Southern Fidelity Insurance Company**

**THIBODEAUX, Chief Judge.**

Plaintiff, Shane Reaux, filed this suit against Mr. and Mrs. Casey Moresi ("Moresis"), for an automobile accident that occurred when Reaux swerved his car to avoid hitting the Moresis' dog in front of their house. Reaux added Defendant, Southern Fidelity Insurance Co. ("Southern Fidelity"), as the Moresis' homeowners insurance provider. Southern Fidelity filed a Motion for Summary Judgment asking to be dismissed from the case because the insurance policy it has with the Moresis contains an Animal Liability Exclusion, which it contended excluded this accident from coverage. The Moresis claim that the Exclusion is not valid because it is not signed.

The trial court denied the motion and Southern Fidelity filed an application for a supervisory writ with this court. We disagree with the trial court and reverse its decision. We find there is no case law or statute requiring the Animal Liability Exclusion be signed to be valid. The Exclusion, therefore, was attached to the Moresis' policy, and clearly and unambiguously excludes Reaux's claims from coverage.

I.

**ISSUE**

We will decide whether the trial court erred in denying summary judgment to Southern Fidelity by concluding that the Animal Liability Exclusion was not a part of the policy.

II.

## FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that he sustained several injuries following a car accident in which he swerved to avoid hitting the Moresis' unrestrained dog in the road. He filed suit against the Moresis and then joined Southern Fidelity as their insurer. The homeowner's insurance policy between the Moresis and Southern Fidelity contains an Animal Liability Exclusion, excluding all coverage relating to damages caused by an animal. Reaux and the Moresis contend that the exclusion is not valid because the signature line on the policy lacks a signature. Southern Fidelity filed a Motion for Summary Judgment in the trial court, arguing that the lack of a signature does not nullify the exclusion. The trial court denied the motion, and agreed with the Moresis and Reaux that the absence of a signature invalidated the exclusion.

III.

## LAW AND DISCUSSION

### *Standard of Review*

We review a grant of summary judgment de novo "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Servs. and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638. Once the mover has made a prima facie case that the motion should be granted, the non-mover must then present evidence sufficient to show a genuine issue of material fact. La.Civ.Code art. 966(C)(2); *Simien v. Med. Protective Co.*, 08-1185

2

(La.App. 3 Cir. 6/3/09), 11 So.3d 1206, *writ denied*, 09-1488 (La. 10/2/09), 18 So.3d 117.  If the non-mover fails to present some evidence that he might be able to meet his burden of proof at trial, the motion should be granted.  *Id*.  Moreover, the interpretation of a contract is a question of law which is reviewed de novo.  *Gutierrez v. Baldridge*, 12-138 (La.App. 3 Cir. 10/3/12), 105 So.3d 156.

## *Discussion*

**Animal Liability Exclusion**

Defendant argues that the trial court erred by not granting summary judgment in its favor because the Animal Liability Exclusion contained in the insurance policy was part of the policy, and is applicable here.  We agree.  The exclusion states:

> Your policy is changed to read under **COVERAGE L – PERSONAL LIABILITY** we will **NOT** cover any bodily injury or damages caused by any animal owned or kept by any insured, including the failure to restrain or enclose the animal, located at the insured location.  This exclusion applies whether or not bodily injury or damage occurs on your premises or any other location.  All other provisions and exclusions apply.
>
> Under **COVERAGE M – MEDICAL PAYMENTS TO OTHERS** we will **NOT** cover bodily injury or medical expenses caused by any animal owned or kept by any insured, including the failure to restrain or enclose the animal, located at the insured location.  This exclusion applies whether or not the injury occurs on your premises or any other location.  All other provisions and exclusions apply.
>
> Under **DAMAGE TO PROPERTY OF OTHERS SECTION** we will **NOT** cover property damage caused by any animal owned or kept by any insured, including the failure to restrain or enclose the animal, located at the insured location.  This exclusion applies, whether or not the damage occurs on your premises or any other location.  All other provisions and exclusions apply.

An insurance policy is "a contract between the parties and should be construed by using the general rules of interpretation of contracts." *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-911 (La. 1/14/94), 630 So.2d 759, 763. Louisiana Civil Code Article 2046 governs contract interpretation and states that when "the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." In this case, the exclusion is clear, unambiguous, and applicable to these circumstances. Reaux was personally injured when he swerved his car to avoid hitting the Moresis' dog. He is seeking damages for medical payments, personal injury, and property damage as a result of the accident. The exclusion clearly applies.

The only real issue is whether the exclusion was made part of the policy. The Moresis claim that although they were in possession of the exclusion, it was not part of the policy because there is a signature line, but no signature. The trial court agreed with this, and treated the exclusion in the same way it would treat an Uninsured Motorist (UM) clause in an auto insurance policy, which must be signed to be valid. Louisiana, however, has a statute that specifically applies to UM clauses, La.R.S. 22:1295, and requires them to be signed by the insured. There is no such statute applicable to animal liability exclusions.

We can find no law specifying that this exclusion must be signed to be valid. In fact, we find the opposite to be true. Under the "Entire Contract Doctrine," La.R.S. 22:867, an agreement modifying the coverage of an insurance contract is only valid if "it is in writing and physically made a part of the policy." Any exclusion "shall be deemed to be physically made a part of a policy . . . within the meaning of [the] Section, whenever such written agreement makes reference to

4

such policy . . . and is sent to the holder of such policy." La.R.S. 22:867(C). According to the statute, therefore, as long as the exclusion makes reference to the policy, is in writing, and in the possession of the insured, it is physically made a part of the policy. In this case, the exclusion was written, makes reference to the Moresis' policy, and was physically attached to the policy.

In *Piligra v. America's Best Value Inn*, 10-254 (La.App. 3 Cir. 10/6/10), 49 So.3d 479, this court considered the validity of policy exclusions and endorsements that contained a signature line, but were not signed. In that case, we held that the endorsements and exclusions at issue were enforceable even though they were not signed because they were included on the declarations page of the policy and were physically attached to the policy. *Id.* Other courts in this state have interpreted La.R.S. 22:867 similarly and have likewise held that exclusions can be made part of the policy even if not signed. *See, e.g. Boudreaux v. Siarc, Inc.*, 97-1067 (La.App. 5 Cir. 4/15/98), 714 So.2d 49, *writ denied*, 98-1556 (La. 9/18/98). In this case, the Animal Liability Exclusion was attached to the policy and listed under "Forms and Endorsements" on the Declarations Page of the Southern Fidelity policy. The exclusion, therefore, is made part of the policy.

The Moresis' are unclear in their brief as to whether they are asserting only that the exclusion is invalid, or, alternatively, that they were unaware of the exclusion because it was not signed. Neither argument is persuasive. The exclusion is valid even if it lacks a signature, as expressed above. Further, the Moresis cannot claim ignorance of the exclusion, since "[a]n insured is responsible for reading its policy and is presumed to know its contents." *Piligra*, 49 So.3d at 487. We assume, therefore, that the Moresis read and understood their policy before accepting it. We find that Southern Fidelity has satisfied its burden of proof

5

and there is no genuine issue of material fact. Southern Fidelity is entitled to judgment as a matter of law.

**Duty to Defend**

Southern Fidelity also argues that they have no duty to defend the Moresis against Reaux's claims because the Moresis are not entitled to coverage. We agree. An insurer has a duty to defend suits brought against its insured, unless the policy unambiguously excludes coverage. *Ducote v. Cliffs Drilling Co.*, 624 So.2d 960 (La.App. 3 Cir. 1993). As explained above, we find that the policy clearly and unambiguously excludes Reaux's claims from coverage under the Animal Liability Exclusion. Southern Fidelity has no duty to defend the Moresis against this claim.

IV.

<u>CONCLUSION</u>

For the reasons above, we reverse the judgment of the trial court and grant summary judgment to Southern Fidelity Insurance Co.

**WRIT GRANTED AND MADE PEREMPTORY.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-510

SHANE REAUX

VERSUS

MR. AND MRS. CASEY JOSEPH MORESI

**Saunders, J., concurs with additional written reasons.**

It is axiomatic that "[a]n insured is responsible for reading its policy and is presumed to know its contents." *Pilgra*, 49 So.3d at 487. In my view, the presence of an unsigned signature line in an attachment raises some ambiguity. Theoretically, the unsigned signature line could be interpreted as the insured tacitly rejecting the attachment. Under such circumstances, summary judgment seems to be inappropriate.

However, in the present case, the exclusion was not only attached to the policy, but was in fact listed under forms and endorsements on the declarations page when the insured entered into the policy of insurance. This negates the possibility of the insured's tacit rejection of the attachment by not signing it and makes summary judgment, under these particular circumstances, appropriate. Accordingly, I respectfully concur.